IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE SMITH, SR.,

      Plaintiff,                      No. CIV S-06-2171 GEB GGH PS

      vs.

STATE OF CALIFORNIA, et al.,

      Defendants.             ORDER

_____/

      Plaintiff has not paid the fee ordinarily required to file an action in this court, and has filed an incomplete application to proceed without prepayment of fees. See 28 U.S.C. §§ 1914(a), 1915(a). The application states that plaintiff receives disability or workers compensation payments but plaintiff has not provided the source and amount received according to the instructions. Furthermore, plaintiff states that he owns property interest in "land deal of the Peachtree Estates in Fairfield, Ca.," but he has not given the stated value of his interest. Plaintiff will be provided the opportunity to submit either the appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing fee.

      Even had plaintiff completed this court's form application to proceed in forma pauperis, and demonstrated a proper basis to proceed without prepayment of funds, this court would not permit the action to proceed upon the filed complaint.

1

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. If plaintiff does not comply with the requirements of Fed. R. Civ. P.

8(a)(2) and amend his complaint when he submits his completed in forma pauperis application, it will be dismissed with leave to amend.

Plaintiff is warned that the amended complaint must be complete without reference to exhibits, and must state the relief sought. Plaintiff has failed to properly and fully set forth his allegations within the complaint, instead attaching 231 pages of exhibits which plaintiff mistakenly believes are sufficient to state a claim. It is not the function of the court to peruse exhibits and frame plaintiff's cause of action for him, nor would it be proper to do so.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, either a completed application and affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

2. The complaint is dismissed, with leave to file an amended complaint within thirty days of this order. PLAINTIFF IS ADVISED THAT ANY FUTURE FILINGS SHOULD

REFER TO THE CIVIL CASE NUMBER STAMPED ON PAGE ONE OF THIS ORDER.

        3. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis.

DATED: 12/15/06

                /s/ Gregory G. Hollows

                UNITED STATES MAGISTRATE JUDGE

GGH:076 - Smith2171.frv.wpd